# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| BRIAN ANGOVE SMALE | § | |
| | § | |
| V. | § | CASE NO. 4:06CV6 |
| | § | (Judge Schneider/Judge Bush) |
| UNITED STATES OF AMERICA | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Before the Court is Defendant's Motion to Dismiss, or Alternatively, for Full or Partial Summary Judgment. (Docket No. 14). After considering the Motion and Plaintiff's Response, the Court finds the Motion should be granted.

### Facts

Plaintiff filed this action against the United States of America, Internal Revenue Service, seeking declaratory and injunctive relief from the future examination or collection of his tax liability until a "Fair Tax" or "national sales tax" is implemented. Plaintiff also seeks the refund of several income tax and penalty assessments for tax years 1998 through 2002.

### Standard

Summary judgment is proper if "there is no genuine issue as to any material fact . . . the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The trial court must resolve all reasonable doubts in favor of the party opposing the motion. *Casey Enters, Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981)(citations omitted). The party seeking summary judgment carries the burden of demonstrating that there is no actual dispute as to any material fact in the case. This burden, however, does not require the moving party to produce

evidence showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The moving party satisfies its burden by "pointing out to the district court... that there is an absence of evidence to support the nonmoving party's case." *Id.*

Once the moving party has satisfied its burden, the nonmovant must "set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e). If the nonmovant fails to set forth specific facts in support of allegations essential to that party's claim and on which that party will bear the burden of proof, then summary judgment will be appropriate. *Celotex*, 477 U.S. at 323. Even if the nonmovant brings forth evidence in support of its allegations, summary judgment will be appropriate "unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986)(citations omitted). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.*

## Analysis

The United States and its employees, acting in their official capacity, may not be sued without consent. *United States v. Nordic Vill.*, 503 U.S. 30, 34 (1992). The Plaintiff must state in his claim the grounds upon which the sovereign consents to a lawsuit. *Harvey Constr. Co. v. Robertson-CECO Corp.*, 10 F.3d 300, 303 (5th Cir. 1994). To the extent a taxpayer seeks a refund, the United States has conditionally waived sovereign immunity where taxpayers seek administrative remedies from the IRS first. *See* 26 U.S.C. § 7422(a) (1994).[1]

Declaratory Relief and Injunctive Relief

---

[1] The United States argues that the claims for refund fail to state a cause of action for which Plaintiff is entitled to a refund.

Plaintiff seeks declaratory relief from the collection or investigation of his tax liability. Plaintiff alleges his claims for declaratory relief are authorized by 28 U.S.C. sections 2201 and 2202. However, judicial interference with the collection of taxes, i.e. declaratory judgments, is precluded. 28. U.S.C. § 2201 (1994), *and Bob Jones Univ. v. Simon*, 416 U.S. 725, 732, n. 7, 742, n. 15 (1974). The Court finds Plaintiff is not entitled to declaratory relief.

Plaintiff also seeks injunctive relief. However, the Anti-Injunction Act provides that " [n]o suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person[.]" 26 U.S.C. § 7421(a) (1994). The Act does allow for an exception provided that the taxpayer can establish: (1) the government could not prevail, under any circumstances, on the merits of its tax claim; and (2) no adequate legal remedy exists and irreparable injury will result if an injunction is not granted. *Enoch v. Williams Packing & Navigation Co.*, 370 U.S. 1, 6 (1962). The Court finds Plaintiff is not entitled to any injunctive relief. Plaintiff presents no evidence to support the contention that the IRS could not prevail on the merits of its tax claim. Instead, Plaintiff asserts his own opinions in an attempt to discredit the IRS' s authority. Second, Plaintiff could have petitioned for the redetermination of his assessments in Tax Court, but he did not.

Claims for Refund

To the extent a taxpayer seeks a refund, the United States has conditionally waived sovereign immunity where taxpayers seek administrative remedies from the IRS first. *See* 26 U.S.C. § 7422(a) (1994). A claim for refund has to be filed with the Secretary of the Treasury before a suit can be maintained in court. *See* 26 U.S.C. § 7422(a). A taxpayer, after paying the challenged amount in full, may initiate suit six months after filing for administrative remedies or

after the Secretary renders a decision. *See* 26 U.S.C. 6532(a)(1).

Refund of Income Tax

Plaintiff appears to have paid all or almost all of the taxes, penalties, and interests assessed for the years he now challenges in this suit. Plaintiff argues his claims for refund are based on the use of the "zero income tax return."[2] Plaintiff cites to *Merchants Loan & Trust Co. v. Smietanka*, 255 U.S. 509 (1921), to support his "zero income tax" argument that individual income is not "income" for the purposes of income tax statutes. The Court finds Plaintiff's analysis is misplaced. *Merchants* actually dealt with the definition of *corporate* income within income tax statutes not an individual's ability to use "zero income tax."

Refund of Frivolous Penalties

Arguments that income tax do not apply to an individual are frivolous and do not require discussion. *Ralidis v. United States*, 2006 WL 481647, 97 A.F.T.R.2d 2006-1315 (5th Cir. March 1, 2006). Plaintiff contends his claims for refund are not frivolous. He attempts to support his position by stating "the Code lacks an 'implementing legislative regulation for compliance,' no IRS employee is delegated with the authority to determine if a claim is frivolous, and no section of the Code establishes an income tax liability…" (Pl.'s Compl. p. 5). Again, Plaintiff's analysis is misplaced and lacks clarity. Pursuant to section 6702, a plaintiff who files documents purporting to be tax returns that contain substantially incorrect self-assessments must pay a $500 frivolous return penalty. *See Sochia v. Comm'r*, 23 F.3d 941, 944 (5th Cir. 1994) (upholding a $500 assessment under section 6702). Plaintiff's argument that taxes do not apply to him based

---

[2]See the United States' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment, Ex. 12-16 (Docket No. 14).

on his use of " zero income tax" fits squarely into the category of a " substantially incorrect self-assessment."

Refund of Late Filing and Late Payment Penalties

Plaintiff previously sought abatement from late filing and late payment penalties and now also argues for the refund of these penalties. Treasury Regulation Section 301.6651-1 provides that reasonable cause exists to abate late filing and late payment penalties if the taxpayer exercised ordinary business care and prudence in his attempt to meet payment requirements.

Plaintiff claims reasonable cause for abatement of interests and penalties exists because he paid his interests and penalties pursuant to a letter he received from the IRS in December 2004. While Plaintiff may have paid interest and penalties, the Court finds Plaintiff presents no evidence demonstrating his payments were made in the exercise of ordinary business care and prudence. To the contrary, Plaintiff, in paying his assessments, apparently relied on information he received in a letter from the IRS some two to six years after the filing due dates.

Plaintiff claims he is not protesting federal taxes, but rather he is advocating for change in the assessment and collection process of the federal income tax system. The Court is not a proper forum for tax change.

## RECOMMENDATION

Based upon the foregoing, the Court recommends that the United States' Motion for Summary Judgment be GRANTED, a take nothing judgement should be entered against Plaintiff, and the case should be DISMISSED WITH PREJUDICE.

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A.

§ 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 9th day of March, 2007.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE